UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC SMITH (#132195)                                              CIVIL ACTION

VERSUS

SGT. ROBERT FRANKLIN, ET AL.                                      NO. 10-0301-JVP-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, May 12, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERIC SMITH (#132195)**                                                   **CIVIL ACTION**

**VERSUS**

**SGT. ROBERT FRANKLIN, ET AL.**                                     **NO. 10-0301-JVP-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Robert Franklin, Warden Steve Rader, Msgt. Boyd McCodney, Lt. Jeffrey Sloan, Msgt. Regena McCrae, Nurse Rhonda Prewitt, Nurse Nanette Stevens, Dr. Anthony Tarver, Ass't Warden James Stevens, and Capt. Denise Felker, complaining that his constitutional rights were violated on July 28, 2009, when defendant Franklin subjected the plaintiff to excessive force and charged him with a false disciplinary violation. The plaintiff further complains that he was thereafter placed in a strip cell for 2½ months and was there deprived of his legal and personal property.

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action, or any part of an action, brought in forma pauperis if satisfied that the claims asserted therein are frivolous, malicious, or fail to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at

any time before or after service of process and before or after an answer is filed.  Cf., Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Without substantively addressing the plaintiff's claims, it appears that the instant proceeding is subject to dismissal as duplicative.  In a previous lawsuit file by the plaintiff and currently pending before this Court, Eric Smith v. Sgt. Robert Franklin, et al., No. 10-0138-RET-CN (M.D. La.), the plaintiff has raised the identical claim of excessive force, false disciplinary charges and wrongful confinement in a strip cell against the same defendants.  That action is still pending before this Court, and accordingly, the repetitive claims asserted herein against these defendants should be dismissed and deferred for resolution in the earlier-filed lawsuit.

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915(e).

Signed in chambers in Baton Rouge, Louisiana, May 12, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**